IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PHAY ANOUSAYA,

        Plaintiff,

  vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.

No. CIV S-05-0301-GEB-CMK

FINDINGS AND RECOMMENDATIONS

        Plaintiff, who is proceeding with retained counsel, brings this action for judicial review of a final decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). On May 9, 2005, the court issued an order granting plaintiff's motion for leave to proceed in forma pauperis.  That order required plaintiff to submit document to the United States Marshal incident to service of the complaint, and also required plaintiff to file in this court proof of such submission of documents within 15 days of the date of the order.  Plaintiff failed to file proof of submission of documents to the United States Marshal, as required by the May 9, 2005, order and, on October 18, 2005, the court directed plaintiff to show cause in writing within 30 days why this action should not be dismissed for lack of prosecution and failure to comply with court rules and orders.  Plaintiff has not responded to the court's order to show cause.

        The court must weigh five factors before imposing the harsh sanction of dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal

1

Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor. See Malone, 833 F.2d at 132-33 & n.1. The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay. See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal has also been held to be an appropriate sanction for failure to follow local rules. See Ghazali, 46 F.3d at 53.

Having considered these factors, and in light of plaintiff's failure to prosecute this case, the court finds that dismissal is appropriate.

Based on the foregoing, the undersigned recommends that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 8, 2005.

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE